UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY CLINON CAMPBELL | CIVIL ACTION |
| VERSUS | NO. 21-848 |
| CATAHOULA PARISH SHERIFF'S OFFICE, ET AL. | SECTION "H"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.     **Factual and Procedural Background**

Plaintiff Roy Clinon Campbell ("Campbell") is an inmate housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC") in Houma, Louisiana. ECF No. 1, Deficient Complaint. An unsigned *pro se* form complaint under 42 U.S.C. § 1983 was submitted on behalf of Campbell. *Id*. The complaint names as defendants the Catahoula Parish Sheriff's Office, Lasalle Management, Terrebonne Parish, and the TPCJC and alleges that inmates were not provided seat belts in a transport van that was involved in an accident. *Id*. at 4. The complaint also seeks compensation for pain and suffering, long term side effects, impacts to his vision caused by hitting the back of his head. *Id*. at 5.

On April 30, 2021, the Clerk of Court issued a Notice of Deficiency to Campbell advising him that he had 21 days to provide a signed complaint form and make other corrections to his complaint and pauper application. ECF. No. 3. The Clerk of Court mailed the notice and required

forms to Campbell, and the envelope was not returned as undeliverable. Campbell did not respond to the Clerk's notice or otherwise contacted the Court about his case.

On June 7, 2021, the undersigned Chief Magistrate Judge issued a Show Cause Order requiring Campbell to show cause in writing on or before July 6, 2021, why his complaint should not be dismissed for failure to prosecute for his failure to sign the complaint and make the other corrections to his pleadings. ECF No. 4. Campbell was also ordered to set forth in writing the reasons why he failed to comply with the Clerk's Notice of Deficiency. Campbell was warned that his failure to comply with the Court's order would result in a recommendation that his case be dismissed. *Id*. at 2.

On June 24, 2021, the Court received Campbell's Response (ECF No. 5) to the Show Cause Order in which he apologizes for wasting the Court's time with his improper pleadings. He also claims that he hired a lawyer to pursue his claims, and he apologizes for any inconvenience to the Court. *Id*.

**II.     Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d

472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, Campbell is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.  Analysis

As noted above, Campbell responded to the Court's Show Cause order claiming that he has hired a lawyer to pursue his claims in a proper manner. ECF No. 5. Campbell's response, however, did not explain why he failed to reply to the Clerk's Notice of Deficiency. He also failed to provide any of the corrected pleadings he was required to present. In fact, he still has not provided a signed complaint or other corrected pleadings as required by the Clerk's Notice of Deficiency and this Court's order. In addition, ***no*** attorney has enrolled in this case on behalf of Campbell.

For these reasons, Campbell has not corrected the deficiencies in this proceeding or signed his complaint as required by Fed. R. Civ. P. 11 and the local rules of this Court.[1] His response to

---

[1] Fed. R. Civ. P. 11(a) provides in relevant part that "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." *See also*, Local Rule 11.1 ("Documents filed by a party not represented by counsel must be signed by the party.")

the Show Cause Order was not adequate or compliant with what was mandated of him. For these reasons, the unsigned complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.[2]

## IV.     Recommendation

It is therefore **RECOMMENDED** that Campbell's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 28th day of June, 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court has not ruled on Campbell's pauper application (ECF No. 2), which is still deficient in form per the Clerk's Notice of Deficiency, because there is no signed complaint before the Court. The dismissal of the unsigned complaint renders the pauper application moot.

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.